RECEIPT # _____
AMOUNT $ N/A
SUMMONS ISSUED N/A
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _P_
DATE 7-11-05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TAMMY ALLEN, Personal Representative of the Estate of Norman Allen,<br><br>Plaintiff,<br><br>V.<br><br>MICHAEL KELLEY, M.D.,<br><br>Defendant. | C.A. No.<br><br>**05 11463 DPW**<br><br>MAGISTRATE JUDGE _____ |

## NOTICE OF REMOVAL

The United States of America, on behalf of the defendant, Michael Kelley, M.D., by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby respectfully files this Notice of Removal based upon the following:

1. Dr. Michael Kelley is a defendant in Civil Action No. 2005-0328-D, now pending in the Essex County Superior Court, Commonwealth Massachusetts.

2. Civil Action No. 2005-0328-D was commenced against defendant Dr. Kelley by Summons dated May 13, 2005. (Copies of the process and pleadings served on Dr. Kelley are attached as Exhibit A.)

3. During the period of time alleged in this complaint, Dr. Kelley was an employee of Greater Lawrence Family Health Center, Inc. (hereinafter "GLHFC"). The Secretary of Health and Human Services has deemed GLHFC eligible for Federal Tort Claims Act,

28 U.S.C. §§ 1346(b), 2401(b), and 2671-80 (hereinafter "FTCA"), coverage pursuant to the Federally Supported Health Centers Assistance Act of 1992, 42 U.S.C. § 233(g)-(n) (hereinafter "FSHCAA") on March 15, 1994, and renewed its deemed status effective June 20, 1996. The FSHCAA provides coverage to federally supported health centers and their employees for acts or omissions which occurred on or after January 1, 1993, or when the health center is deemed eligible for coverage, whichever is later. 42 U.S.C. § 233(a). (Copies of the deeming letters, dated March 15, 1994, and June 20, 1996, are attached as Exhibit B.)

4. The Attorney General, by the United States Attorney for the District of Massachusetts, has certified, pursuant to 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d), that Dr. Kelley was acting within the scope of his employment with GLFHC at the time of the incident alleged in the complaint, and that pursuant to 42 U.S.C. § 233(g) Dr. Kelley is deemed to be an employee of the United States for Federal Tort Claims Act purposes only for any acts or omissions that occurred on or after August, 1, 1994. (Copy of Certification of Scope of Employment Under 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d) is attached as Exhibit C.)

5. Both 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d)(2) provide that upon certification by the Attorney General any civil action or proceeding commenced in a State court shall be removed

without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place in which the action or proceeding is pending, and that the action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of the Title 28 and all references thereto.

    6.   Section 2679(d)(2), Title 28, further provides that the Certification of Scope of Employment "shall conclusively establish scope of office or employment for purposes of removal."

WHEREFORE, this action now pending in the Essex County Superior Court, Commonwealth Massachusetts, is properly removed therefrom to this Court pursuant to Title 28, United States Code, Section 2679(d)(2), and Title 42, United States Code, Section 233(c).

> Respectfully submitted,
> MICHAEL J. SULLIVAN
> United States Attorney
>
> Christopher Alberto
> Assistant U.S. Attorney
> U.S. Attorney's Office
> John Joseph Moakley Courthouse
> 1 Courthouse Way, Suite 9200
> Boston, MA  02210
> (617) 748-3311

Dated: 7/11/05

### CERTIFICATE OF SERVICE

I hereby certify that on this day service of the foregoing Notice of Removal to United States District Court for the District of Massachusetts has been made upon the following by depositing a copy in the United States mail, postage prepaid to:

William Thompson, Esq,
Lubin & Meyer, P.C.
100 City Hall Plaza
Boston, MA  02108

Dated: 7/11/05

Christopher Alberto
Assistant U.S. Attorney

(TO PLAINTIFF'S ATTORNEY: Please Circle Type of Action Involved: - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - (OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 2005-0328

Tammy Allen, Personal Representative of the Estate of , Plaintiff(s)
Norman Allen

v.

Michael L. Kelly, M.D. , Defendant(s)

## SUMMONS

To the above named Defendant: Michael Kelly, M.D.

You are hereby summoned and required to serve upon Andrew C. Meyer, Jr., Esquire, plaintiff's attorney, whose address is 100 City Hall Plaza, Boston, MA 02108, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Lawrence either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the 13th day of May , in the year of our Lord two thousand five

Thomas H. Driscoll Jr.
Clerk

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT
CIVIL ACTION
NO. 2005-0328 D

TAMMY ALLEN, PERSONAL REPRESENTATIVE )
OF THE ESTATE OF NORMAN ALLEN,        )
                Plaintiff,             )
                                       )
V.                                     )
                                       )
MICHAEL KELLY, M.D.,                   )
                Defendant.             )

## COMPLAINT

### COUNT I.

1. The plaintiff, Tammy Allen, is the Personal Representative of the Estate of Norman Allen and is a resident of Hampstead, Rockingham County, New Hampshire.

2. The defendant, Michael Kelly, M.D., was at all times relevant to this complaint a physician licensed to practice his profession in the Commonwealth of Massachusetts.

3. This action is brought to recover for the wrongful death of Norman Allen for the benefit of his next of kin, pursuant to M.G.L.A. c. 229 §1 et seq.

4. At all times relevant to this complaint, the defendant, Michael Kelly, M.D., represented and held himself out to be a physician, skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff's decedent that he was knowledgeable, competent, and qualified to diagnose and treat the plaintiff's decedent's condition on or about March 1998 to October 1999.

5. On or about March 1998 to October 1999, the plaintiff's decedent submitted himself to the care and treatment of the defendant, Michael Kelly, M.D., who negligently, carelessly, and without regard for the plaintiff's decedent's health and well-being, treated the plaintiff's decedent in a manner resulting in the plaintiff's decedent's death on 5/18/02.

6. The death of Norman Allen and the damage to his estate, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the defendant, Michael Kelly, M.D., including, but not limited to the following:

   a. Defendant's misrepresentations to the plaintiff's decedent that he was knowledgeable, skillful, and competent to diagnose and treat the plaintiff's decedent's medical condition on or about March 1998 to October 1999;

   b. Defendant's failure to adequately and properly diagnose the plaintiff's decedent's medical condition on or about March 1998 to October 1999, and his failure to prescribe proper and timely treatment for said condition;

   c. Defendant's failure to recognize, or have the knowledge to recognize his inability and lack of skill to diagnose and treat the plaintiff's decedent, when the defendant knew or should have known in the exercise of due care, the foreseeable consequences of his inability and failure to properly and skillfully provide the plaintiff's decedent with acceptable medical and diagnostic services;

   d. Defendant's failure to possess or negligent failure to exercise that degree of skill, training, and care as is possessed and exercised by average qualified members of the medical profession practicing his specialty; and

   e. Defendant's failure to inform and to warn of the risks involved in or associated with the plaintiff's decedent's condition and failure to inform and to warn about the treatment of said condition.

WHEREFORE, the plaintiff, Tammy Allen, as Personal Representative of the Estate of Norman Allen, prays judgment against the defendant, Michael Kelly, M.D., for the above-described wrongful death and damage to the estate, together with interest and costs.

**COUNT II.**

1. The plaintiff, Tammy Allen, as Personal Representative of the Estate of Norman Allen, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count I above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Norman Allen.

3. As the direct and proximate result of the carelessness and negligence of the defendant, Michael Kelly, M.D., the decedent, Norman Allen, was caused to suffer consciously up to and until his time of death.

WHEREFORE, the plaintiff, Tammy Allen, as Personal Representative of the Estate of Norman Allen, prays judgment against the defendant, Michael Kelly, M.D., in an amount to be determined by a jury, together with interest and costs.

## COUNT III.

1. The plaintiff, Tammy Allen, is the Personal Representative of the Estate of Norman Allen and is a resident of Hampstead, Rockingham County, New Hampshire.

2. The defendant, Michael Kelly, M.D., was at all times relevant to this complaint a physician licensed to practice his profession in the Commonwealth of Massachusetts.

3. This action is brought to recover for the wrongful death of Norman Allen for the benefit of his next of kin, pursuant to M.G.L.A. c. 229 §1 et seq.

4. At all times relevant to this complaint, the defendant, Michael Kelly, M.D., represented and held himself out to be a physician, skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff's decedent that he was knowledgeable, competent, and qualified to diagnose and treat the plaintiff's decedent's condition on or about March 1998 to October 1999.

5. On or about March 1998 to October 1999, the plaintiff's decedent submitted himself to the care and treatment of the defendant, Michael Kelly, M.D., who negligently, carelessly, and without regard for the plaintiff's decedent's health and well-being, treated the plaintiff's decedent in a manner resulting in the plaintiff's decedent's death on 5/18/02.

6. The death of Norman Allen and the damage to his estate, including, but not limited to his funeral and burial expenses, were the direct and proximate result of the malicious, willful, wanton or reckless conduct of the defendant, Michael Kelly, M.D., or by the gross negligence of the defendant on or about March 1998 to October 1999.

WHEREFORE, the plaintiff, Tammy Allen, as Personal Representative of the Estate of Norman Allen, prays judgment against the defendant, Michael Kelly, M.D., for the above-described wrongful death and damage to the estate, together with punitive damages, interest and costs.

## COUNT IV.

1. The plaintiff, Tammy Allen, as Personal Representative of the Estate of Norman Allen, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count III above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Norman Allen.

3. As the direct and proximate result of the malicious, willful, wanton or reckless conduct of the defendant, Michael Kelly, M.D., the decedent, Norman Allen, was caused to suffer consciously up to and until his time of death.

3

WHEREFORE, the plaintiff, Tammy Allen, as Personal Representative of the Estate of Norman Allen, prays judgment against the defendant, Michael Kelly, M.D., for the above-described wrongful death and damage to the estate, together with punitive damages, interest and costs.

## COUNT V.

1. The plaintiff, Tammy Allen, as Personal Representative of the Estate of Norman Allen, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count I above, as if expressly rewritten and set forth herein.

2. On or about March 1998 to October 1999, the defendant, Michael Kelly, M.D., contracted with the plaintiff's decedent to provide professional services related to the plaintiff's decedent's medical care and treatment.

3. The defendant, Michael Kelly, M.D., expressly and impliedly warranted to the plaintiff's decedent that he would perform and render said professional services in accordance with accepted standards for the practice of medicine, and that he would possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing his specialty.

4. On or about March 1998 to October 1999, the defendant, Michael Kelly, M.D., breached his express and implied warranties by failing to perform and render professional services in accordance with accepted standards for the practice of medicine, and by failing to possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing his specialty, which breach resulted in the death of Norman Allen.

5. The death of Norman Allen and the damage to his estate, including, but not limited to his funeral and burial expenses, were the direct and proximate result of the defendant, Michael Kelly, M.D.'s breach of express and implied warranties.

WHEREFORE, the plaintiff, Tammy Allen, as Personal Representative of the Estate of Norman Allen, prays judgment against the defendant, Michael Kelly, M.D., for the above-described wrongful death and damage to the estate, together with interest and costs.

## COUNT VI.

1. The plaintiff, Tammy Allen, as Personal Representative of the Estate of Norman Allen, repeats and reavers all of the allegations contained in Paragraphs One through Five of Count V above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Norman Allen.

3. As the direct and proximate result of the breach of express and implied warranties by the defendant, Michael Kelly, M.D., the plaintiff's decedent, Norman Allen, was caused to suffer consciously up to and until his time of death.

4

WHEREFORE, the plaintiff, Tammy Allen, as Personal Representative of the Estate of Norman Allen, prays judgment against the defendant, Michael Kelly, M.D., in an amount to be determined by a jury, together with interest and costs.

## COUNT VII.

1. The plaintiff, Tammy Allen, as Personal Representative of the Estate of Norman Allen, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count I above, as if expressly rewritten and set forth herein.

2. On or about March 1998 to October 1999, average qualified members of the medical profession practicing the defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff's decedent.

3. On or about March 1998 to October 1999, the defendant, Michael Kelly, M.D., knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff's decedent.

4. On or about March 1998 to October 1999, the defendant, Michael Kelly, M.D., did not inform the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff's decedent.

5. If the defendant, Michael Kelly, M.D., had informed the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff's decedent, neither the plaintiff's decedent nor a reasonable person in his position would have elected the defendant's choice of treatment.

6. The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by the plaintiff's decedent and a reasonable person in his position as to whether to undergo the defendant's choice of treatment.

7. The death of Norman Allen and the damage to his estate, including, but not limited to his funeral and burial expenses, were the direct and proximate result of the defendant, Michael Kelly, M.D.'s failure to obtain the informed consent of the plaintiff's decedent.

WHEREFORE, the plaintiff, Tammy Allen, as Personal Representative of the Estate of Norman Allen, prays judgment against the defendant, Michael Kelly, M.D., for the above-described wrongful death and damage to the estate, together with interest and costs.

## COUNT VIII.

1. The plaintiff, Tammy Allen, as Personal Representative of the Estate of Norman Allen, repeats and reavers all of the allegations contained in Paragraphs One through Seven of Count VII above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Norman Allen.

3. As the direct and proximate result of the defendant, Michael Kelly, M.D.'s failure to inform the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's treatment, the decedent, Norman Allen, was caused to suffer consciously up to and until his time of death.

WHEREFORE, the plaintiff, Tammy Allen, as Personal Representative of the Estate of Norman Allen, prays judgment against the defendant, Michael Kelly, M.D., in an amount to be determined by a jury, together with interest and costs.

PLAINTIFF CLAIMS TRIAL BY JURY.

Respectfully submitted,
The plaintiff,
By her attorney,

ANDREW C. MEYER, JR.
LUBIN & MEYER, P.C.
100 City Hall Plaza
Boston, MA 02108
(617) 720-4447
BBO#: 344300

6

**DEPARTMENT OF HEALTH & HUMAN SERVICES**  
**BUREAU OF PRIMARY HEALTH CARE**

Public Health Service

Health Resources and
Services Administration
Rockville MD 20857

MAR 15 1994

Ms. Edith H. Mas
Executive Director
Greater Lawrence Family Health Center, Inc.
150 Park Street
Lawrence, Massachusettes 01841

Dear Ms. Mas:

The Bureau of Primary Health Care (BPHC), in accordance with Section 224(h) of the Public Health Service (PHS) Act, 42 U.S.C. 233(h) as added by the Federally Supported Health Centers Assistance Act of 1992 (P.L. 102-501), deems the above named entity to be an employee of the Federal Government for the purposes of Section 224. Under Section 224(a), the remedy against the United States provided under the Federal Tort Claims Act (FTCA) for medical and related functions performed by commissioned officers or employees of the PHS while acting within the scope of office or employment, shall be exclusive of any other civil action or proceeding. P.L. 102-501 extends this "FTCA coverage" to the grantees that have been deemed covered under Section 224(h) and certain of their officers, employees, and contractors, as specified below.

This action is based on the assurances provided on March 22, 1993, with regard to: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice; (2) implementation of a system whereby professional credentials, references, claims history, fitness, professional review organization findings, and licensure status of its health professionals are reviewed and verified; (3) cooperation with the Department of Justice (DOJ) in the defense of claims (including access to all pertinent documents and patient information and records) and actions to assure against claims in the future; and (4) cooperation with the DOJ in providing information related to previous malpractice claims history.

All officers, employees, and full-time contractors (minimum 32.5 hours per week) of this grantee who are physicians or other licensed or certified health care practitioners and who are providing services under the scope of activities covered by the project funded through its Section 329 (migrant health centers), Section 330 (community health centers), Section 340 (health services for the homeless), or Section 340A (health services for residents of public housing) grant(s) are also deemed to be employees of the Federal Government for the purposes of Section 224, as are part-time contractors who are licensed or certified

Page 2 - Ms. Edith H. Mas

providers of obstetrical services and whose individual medical malpractice liability insurance coverage does not extend to services performed for this grantee. Subrecipients listed as eligible for FTCA coverage by the grantee will be deemed eligible only for carrying out those grant-related activities designated as being within the scope of their contract.

Accordingly, the Attorney General, through the DOJ, has the responsibility for the defense of the individual and/or grantee for malpractice claims approved for FTCA coverage. Please note that the applicability of the Act to a particular claim or case will depend upon the determination or certification, as appropriate, by the Attorney General that the individual or grantee is covered by the Act and was acting within the scope of employment. Such determination or certification is subject to judicial review. If the claim is subject to FTCA coverage, it must be reviewed initially by the PHS through an administrative claims process. Your cooperation in the handling of the claim (including providing the relevant medical records) will be necessary.

Section 224 is further amended by providing that hospital admitting privileges cannot be denied if a covered health professional meets the appropriate professional qualifications, and agrees to abide by the hospital bylaws and the rules, and regulations of the medical staff. These individuals are thus afforded the same treatment as members of the National Health Service Corps with respect to hospital admitting privileges. Hospitals that fail to comply shall be in jeopardy of losing Medicare and Medicaid reimbursements.

The BPHC will be evaluating the implications of FTCA coverage for the payment of malpractice insurance costs under the terms of your grant. As a general rule, BPHC would not allow further charges to the grant for malpractice insurance for services subject to FTCA coverage. However, BPHC recognizes that some insurable risks will remain after the effective date of eligibility for FTCA coverage, including risks covered by malpractice insurance for non-covered providers. These remaining risks may require the purchase of private insurance by the grantee. Furthermore, it is expected that grantees will purchase "tail" insurance coverage for current providers with claims made instead of occurrences policies. Consequently, a grantee that has been deemed eligible for FTCA coverage should not cancel its current private malpractice insurance policies until these "gap" coverage requirements have been identified and policies secured.

The BPHC will consider allowing the grantee to continue to purchase its current malpractice insurance where the grantee can demonstrate that: (1) this is necessary to maintain the current scope of services and patient care activities and (2) the cost of such insurance is less than the cost of the insurable risks that remain after FTCA coverage is in effect, i.e., gap coverage.

Page 3 - Ms. Edith H. Mas

Furthermore, BPHC will examine your request for charging to your grant the cost of "tail" insurance, if your previous malpractice coverage was for claims made, rather than occurrences. Here too, we will consider the extent to which the cost of tail insurance exceeds the cost of the present malpractice insurance, in deciding which form of insurance will be an allowable expense under the grant.

The effective date of eligibility for FTCA malpractice coverage is March 15, 1994. FTCA coverage is only applicable to acts or omissions occurring after this effective date and before January 1, 1996, for the scope of activities covered by the grant funded project.

For further information, please contact Mr. Joel Bostrom, FTCA Coordinator, Region I, (617) 565-1470.

Sincerely yours,

Marilyn H. Gaston, M.D.
Assistant Surgeon General
Director

32-5



**DEPARTMENT OF HEALTH & HUMAN SERVICES**
**BUREAU OF PRIMARY HEALTH CARE**

Public Health Service

Health Resources and
Services Administration
Bethesda MD 20814

JUN 20 1996

Mr. Raymond D. Fredette
Executive Director
Greater Lawrence Family Health Center
34 Haverhill Street
Lawrence, Massachusetts 01841

Reference: Malpractice Liability Coverage

The Bureau of Primary Health Care (BPHC), in accordance with Section 224(h) of the Public Health Service (PHS) Act, 42 U.S.C. 233(h) as amended by the Federally Supported Health Centers Assistance Act of 1995 (Pub.L. 104-73), deems the above named entity to be an employee of the Federal Government, effective June 23, 1996, for the purposes of Section 224. Section 224(a) provides liability protection under the Federal Tort Claims Act (FTCA) for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, and related functions and is exclusive of any other civil action or proceeding.
This "FTCA coverage" is applicable to deemed entities and their including officers, governing board members, employees, and contractors who are physicians or other licensed or certified health care practitioners working full-time (minimum 32.5 hours per week) or part-time providing family practice, general internal medicine, general pediatrics, or obstetrical/gynecological services.

Section 224 further provides that hospital admitting privileges cannot be denied on the basis of having malpractice coverage under the FTCA, if a covered health care professional meets the appropriate professional qualifications, and agrees to abide by the hospital bylaws and the rules, and regulations of the medical staff. Moreover, managed care plans are required to accept FTCA as meeting whatever malpractice insurance coverage requirements such plans may require of contracting providers. Hospitals and managed care plans that fail to comply shall be in jeopardy of losing Medicare and Medicaid reimbursements.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met. For example, a $1.0 million each claim/$3.0 million aggregate occurrence is met since FTCA would, as appropriate, provide for the payment to a plaintiff of any damages awarded as a result of a judgment or a settlement approved by the Attorney General, sums in excess of this amount.

For further information, please contact Robin Lawrence, D.D.S., Regional FTCA Coordinator, HRSA Field Office, Boston, Massachusetts at (617) 565-1426.

Sincerely yours,

Marilyn H. Gaston, M.D.
Assistant Surgeon General
Director

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TAMMY ALLEN, Personal Representative of the Estate of Norman Allen,<br><br>    Plaintiff,<br><br>V.<br><br>MICHAEL KELLEY, M.D.,<br><br>    Defendant. | C.A. No. |

### CERTIFICATION OF UNITED STATES ATTORNEY

I, Michael J. Sullivan, United States Attorney for the District of Massachusetts, acting pursuant to the provisions of 28 U.S.C. § 2679(d)(2) and 42 U.S.C. § 233(g), and by virtue of the authority vested in me by the Appendix to 28 C.F.R. § 15.3, hereby certify that the defendant, Michael Kelley, M.D., was acting within the scope of his employment as an employee of the United States for the purpose of this civil action at the time of the conduct alleged in the complaint in the above-captioned action.

Dated: 7-9-05                     By: _____
                                  Michael J. Sullivan
                                  United States Attorney
                                  District of Massachusetts

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Allen v. Kelley__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    — I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    — II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

    X III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

    — IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

    — V.    150, 152, 153.

    **05 11463 DPW**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐   NO ☐

    A. If yes, in which division do all of the non-governmental parties reside?
       Eastern Division ☐   Central Division ☐   Western Division ☐

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
       Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Christopher Alberto__
ADDRESS __US Attorney's Office__
TELEPHONE NO. __617-748-3311__

(CategoryForm.wpd -5/2/05)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Tammy Allen

## DEFENDANTS
Michael Kelley, M.D.

(b) County of Residence of First Listed Plaintiff: **Essex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: **Essex**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**05 11463 DPW**

(c) Attorney'S (Firm Name, Address, and Telephone Number)
William Thompson, Esq.
Lubin & Meyer, P.C.
100 City Hall Plaza, Boston, MA 02108
(617) 720-4447

Attorneys (If Known)
Christopher Alberto, AUSA
U.S. Attorney's Office
1 Courthouse Way, Suite 9200, Boston, MA 02210
617-748-3100

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X " in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☒ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 640 R.R. & Truck | | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence Habeas Corpus: | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | ☐ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Medical Malpractice

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 7/11/05   SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

This form was electronically produced by Elite Federal Forms, Inc.