UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TAMMY ALLEN, PERSONAL REPRESENTATIVE OF THE ESTATE OF NORMAN ALLEN  <br><br>  Plaintiff,  <br><br>  V.  <br><br> MICHAEL KELLEY, M.D.,  <br><br>  Defendant. | Civil Action No. 05-11463-DPW  <br><br> Formerly: Essex County  Superior Court  Civil Action No.  2005-0328-D |

## NOTICE OF SUBSTITUTION

Please take notice that pursuant to 28 U.S.C. § 2679(d)(1), the United States is hereby substituted for the defendant, Michael Kelley, M.D. with respect to any and all causes of action based on state law tort claims for alleged medical malpractice against Norman Allen.  The grounds for the substitution are:

1. The complaint alleges that on or about March, 1998, Dr. Kelley failed to adequately and properly diagnose and treat Norman Allen's condition.

2. During the period of time alleged in the complaint, Dr. Kelly was an employee of the Greater Lawrence Family Health Center, Inc.  (hereinafter "GLHFC").

3. The Federally Supported Health Care Centers Assistance Act of 1992 (Pub.L. 102-501) (hereinafter "FSHCAA") provides coverage to federally supported health centers and their employees for acts or omissions that occurred on or after January

1, 1993, or when the health center is deemed eligible for coverage, whichever is later.  42 U.S.C. § 233(a).  Thus, all actions for negligence of employees of health centers covered under the act must be brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671, et seq.

    4.  The Secretary of Health and Human Services has deemed GLHFC eligible for FTCA coverage pursuant to the Federally Supported Health Centers Assistance Act of 1992, 42 U.S.C. § 233(g)-(n) on March 15, 1994, and renewed its deemed status effective June 20, 1996.  (Copies of the deeming letters, dated March 15, 1994, and June 20, 1996, are attached as Exhibit A.)

    5.  The Attorney General, by the United States Attorney for the District of Massachusetts, has certified, pursuant to 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d), that Dr. Michael Kelley was acting within the scope of his employment with GLHFC at the time of the incident alleged in the complaint, and that pursuant to 42 U.S.C. § 233(g) Dr. Michael Kelley is deemed to be an employee of the United States for FTCA purposes.  (Copy of Certification of Scope of Employment is attached as Exhibit B.)

    6.  As such, any claim for negligence falls within the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671, et seq.  Upon Certification that a federal employee was acting within the scope of his office or employment at the time of the incident out of which a state law claim arises, any civil action

based on the incident shall be deemed an action against the United States, and the United States shall be substituted as the sole defendant with respect to the state law claims. 28 U.S.C. § 2679(d)(1) and (2). Therefore, the only proper party defendant is the United States.

Wherefore, the defendant Michael Kelley, M.D. respectfully requests that this Court dismiss Michael Kelley, M.D. as a defendant and substitute the United States of America as the proper party defendant in this case.

                                Respectfully submitted,

                                MICHAEL J. SULLIVAN
                                United States Attorney

Dated: July 12, 2005        /S/ Christopher Alberto
                                Christopher Alberto
                                Assistant U.S. Attorney
                                U.S. Attorney's Office
                                John Joseph Moakley Courthouse
                                1 Courthouse Way, Suite 9200
                                Boston, MA   02210
                                Tel. No. (617) 748-3311

**CERTIFICATE OF SERVICE**

I hereby certify that on this day service of the foregoing Motion to Substitute the United States as the Proper Party Defendant for Louis Laz, M.D. has been made upon the following by depositing a copy in the United States mail, postage prepaid to:

William Thompson, Esq.
Lubin & Meyer, PC
100 City Hall Plaza
Boston, MA 02108


Dated: July 12, 2005        /S/ Christopher R. Alberto
                                Christopher Alberto
                                Assistant U.S. Attorney

# EXHIBIT A

(TO PLAINTIFF'S ATTORNEY: Please Circle Type of Action Involved: - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - (OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 2005-0328

Tammy Allen, Personal Representative of the Estate of , Plaintiff(s)
Norman Allen

v.

Michael J. Kelly, M.D. , Defendant(s)

## SUMMONS

To the above named Defendant: Michael Kelly, M.D.

You are hereby summoned and required to serve upon Andrew C. Meyer, Jr., Esquire , plaintiff's attorney, whose address is 100 City Hall Plaza, Boston, MA 02108 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Lawrence either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the 13th day of May , in the year of our Lord two thousand five

*Thomas H. Driscoll Jr.*
Clerk

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                            SUPERIOR COURT
                                                      CIVIL ACTION
                                                      NO. 2005-0328 D

TAMMY ALLEN, PERSONAL REPRESENTATIVE )
OF THE ESTATE OF NORMAN ALLEN,       )
            Plaintiff                )
                                     )
V.                                   )
                                     )
MICHAEL KELLY, M.D.,                 )
            Defendant.               )

## COMPLAINT

### COUNT I.

1. The plaintiff, Tammy Allen, is the Personal Representative of the Estate of Norman Allen and is a resident of Hampstead, Rockingham County, New Hampshire.

2. The defendant, Michael Kelly, M.D., was at all times relevant to this complaint a physician licensed to practice his profession in the Commonwealth of Massachusetts.

3. This action is brought to recover for the wrongful death of Norman Allen for the benefit of his next of kin, pursuant to M.G.L.A. c. 229 §1 et seq.

4. At all times relevant to this complaint, the defendant, Michael Kelly, M.D., represented and held himself out to be a physician, skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff's decedent that he was knowledgeable, competent, and qualified to diagnose and treat the plaintiff's decedent's condition on or about March 1998 to October 1999.

5. On or about March 1998 to October 1999, the plaintiff's decedent submitted himself to the care and treatment of the defendant, Michael Kelly, M.D., who negligently, carelessly, and without regard for the plaintiff's decedent's health and well-being, treated the plaintiff's decedent in a manner resulting in the plaintiff's decedent's death on 5/18/02.

6. The death of Norman Allen and the damage to his estate, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the defendant, Michael Kelly, M.D., including, but not limited to the following:

a. Defendant's misrepresentations to the plaintiff's decedent that he was knowledgeable, skillful, and competent to diagnose and treat the plaintiff's decedent's medical condition on or about March 1998 to October 1999;

b. Defendant's failure to adequately and properly diagnose the plaintiff's decedent's medical condition on or about March 1998 to October 1999, and his failure to prescribe proper and timely treatment for said condition;

c. Defendant's failure to recognize, or have the knowledge to recognize his inability and lack of skill to diagnose and treat the plaintiff's decedent, when the defendant knew or should have known in the exercise of due care, the foreseeable consequences of his inability and failure to properly and skillfully provide the plaintiff's decedent with acceptable medical and diagnostic services;

d. Defendant's failure to possess or negligent failure to exercise that degree of skill, training, and care as is possessed and exercised by average qualified members of the medical profession practicing his specialty; and

e. Defendant's failure to inform and to warn of the risks involved in or associated with the plaintiff's decedent's condition and failure to inform and to warn about the treatment of said condition.

WHEREFORE, the plaintiff, Tammy Allen, as Personal Representative of the Estate of Norman Allen, prays judgment against the defendant, Michael Kelly, M.D., for the above-described wrongful death and damage to the estate, together with interest and costs.

## COUNT II.

1. The plaintiff, Tammy Allen, as Personal Representative of the Estate of Norman Allen, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count I above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Norman Allen.

3. As the direct and proximate result of the carelessness and negligence of the defendant, Michael Kelly, M.D., the decedent, Norman Allen, was caused to suffer consciously up to and until his time of death.

WHEREFORE, the plaintiff, Tammy Allen, as Personal Representative of the Estate of Norman Allen, prays judgment against the defendant, Michael Kelly, M.D., in an amount to be determined by a jury, together with interest and costs.

## COUNT III.

1. The plaintiff, Tammy Allen, is the Personal Representative of the Estate of Norman Allen and is a resident of Hampstead, Rockingham County, New Hampshire.

2. The defendant, Michael Kelly, M.D., was at all times relevant to this complaint a physician licensed to practice his profession in the Commonwealth of Massachusetts.

3. This action is brought to recover for the wrongful death of Norman Allen for the benefit of his next of kin, pursuant to M.G.L.A. c. 229 §1 et seq.

4. At all times relevant to this complaint, the defendant, Michael Kelly, M.D., represented and held himself out to be a physician, skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff's decedent that he was knowledgeable, competent, and qualified to diagnose and treat the plaintiff's decedent's condition on or about March 1998 to October 1999.

5. On or about March 1998 to October 1999, the plaintiff's decedent submitted himself to the care and treatment of the defendant, Michael Kelly, M.D., who negligently, carelessly, and without regard for the plaintiff's decedent's health and well-being, treated the plaintiff's decedent in a manner resulting in the plaintiff's decedent's death on 5/18/02.

6. The death of Norman Allen and the damage to his estate, including, but not limited to his funeral and burial expenses, were the direct and proximate result of the malicious, willful, wanton or reckless conduct of the defendant, Michael Kelly, M.D., or by the gross negligence of the defendant on or about March 1998 to October 1999.

WHEREFORE, the plaintiff, Tammy Allen, as Personal Representative of the Estate of Norman Allen, prays judgment against the defendant, Michael Kelly, M.D., for the above-described wrongful death and damage to the estate, together with punitive damages, interest and costs.

## COUNT IV.

1. The plaintiff, Tammy Allen, as Personal Representative of the Estate of Norman Allen, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count III above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Norman Allen.

3. As the direct and proximate result of the malicious, willful, wanton or reckless conduct of the defendant, Michael Kelly, M.D., the decedent, Norman Allen, was caused to suffer consciously up to and until his time of death.

3

WHEREFORE, the plaintiff, Tammy Allen, as Personal Representative of the Estate of Norman Allen, prays judgment against the defendant, Michael Kelly, M.D., for the above-described wrongful death and damage to the estate, together with punitive damages, interest and costs.

## COUNT V.

1. The plaintiff, Tammy Allen, as Personal Representative of the Estate of Norman Allen, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count I above, as if expressly rewritten and set forth herein.

2. On or about March 1998 to October 1999, the defendant, Michael Kelly, M.D., contracted with the plaintiff's decedent to provide professional services related to the plaintiff's decedent's medical care and treatment.

3. The defendant, Michael Kelly, M.D., expressly and impliedly warranted to the plaintiff's decedent that he would perform and render said professional services in accordance with accepted standards for the practice of medicine, and that he would possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing his specialty.

4. On or about March 1998 to October 1999, the defendant, Michael Kelly, M.D., breached his express and implied warranties by failing to perform and render professional services in accordance with accepted standards for the practice of medicine, and by failing to possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing his specialty, which breach resulted in the death of Norman Allen.

5. The death of Norman Allen and the damage to his estate, including, but not limited to his funeral and burial expenses, were the direct and proximate result of the defendant, Michael Kelly, M.D.'s breach of express and implied warranties.

WHEREFORE, the plaintiff, Tammy Allen, as Personal Representative of the Estate of Norman Allen, prays judgment against the defendant, Michael Kelly, M.D., for the above-described wrongful death and damage to the estate, together with interest and costs.

## COUNT VI.

1. The plaintiff, Tammy Allen, as Personal Representative of the Estate of Norman Allen, repeats and reavers all of the allegations contained in Paragraphs One through Five of Count V above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Norman Allen.

3. As the direct and proximate result of the breach of express and implied warranties by the defendant, Michael Kelly, M.D., the plaintiff's decedent, Norman Allen, was caused to suffer consciously up to and until his time of death.

4

WHEREFORE, the plaintiff, Tammy Allen, as Personal Representative of the Estate of Norman Allen, prays judgment against the defendant, Michael Kelly, M.D., in an amount to be determined by a jury, together with interest and costs.

## COUNT VII.

1. The plaintiff, Tammy Allen, as Personal Representative of the Estate of Norman Allen, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count I above, as if expressly rewritten and set forth herein.

2. On or about March 1998 to October 1999, average qualified members of the medical profession practicing the defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff's decedent.

3. On or about March 1998 to October 1999, the defendant, Michael Kelly, M.D., knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff's decedent.

4. On or about March 1998 to October 1999, the defendant, Michael Kelly, M.D., did not inform the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff's decedent.

5. If the defendant, Michael Kelly, M.D., had informed the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff's decedent, neither the plaintiff's decedent nor a reasonable person in his position would have elected the defendant's choice of treatment.

6. The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by the plaintiff's decedent and a reasonable person in his position as to whether to undergo the defendant's choice of treatment.

7. The death of Norman Allen and the damage to his estate, including, but not limited to his funeral and burial expenses, were the direct and proximate result of the defendant, Michael Kelly, M.D.'s failure to obtain the informed consent of the plaintiff's decedent.

WHEREFORE, the plaintiff, Tammy Allen, as Personal Representative of the Estate of Norman Allen, prays judgment against the defendant, Michael Kelly, M.D., for the above-described wrongful death and damage to the estate, together with interest and costs.

## COUNT VIII.

1. The plaintiff, Tammy Allen, as Personal Representative of the Estate of Norman Allen, repeats and reavers all of the allegations contained in Paragraphs One through Seven of Count VII above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Norman Allen.

3. As the direct and proximate result of the defendant, Michael Kelly, M.D.'s failure to inform the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's treatment, the decedent, Norman Allen, was caused to suffer consciously up to and until his time of death.

WHEREFORE, the plaintiff, Tammy Allen, as Personal Representative of the Estate of Norman Allen, prays judgment against the defendant, Michael Kelly, M.D., in an amount to be determined by a jury, together with interest and costs.

PLAINTIFF CLAIMS TRIAL BY JURY.

Respectfully submitted,
The plaintiff,
By her attorney,

*[signature]*
ANDREW C. MEYER, JR.
LUBIN & MEYER, P.C.
100 City Hall Plaza
Boston, MA 02108
(617) 720-4447
BBO#: 344300

6

# EXHIBIT B



**DEPARTMENT OF HEALTH & HUMAN SERVICES**          Public Health Service
**BUREAU OF PRIMARY HEALTH CARE**

Health Resources and
Services Administration
Rockville MD 20857

MAR 15 1994

Ms. Edith H. Mas
Executive Director
Greater Lawrence Family Health Center, Inc.
150 Park Street
Lawrence, Massachusetts 01841

Dear Ms. Mas:

The Bureau of Primary Health Care (BPHC), in accordance with Section 224(h) of the Public Health Service (PHS) Act, 42 U.S.C. 233(h) as added by the Federally Supported Health Centers Assistance Act of 1992 (P.L. 102-501), deems the above named entity to be an employee of the Federal Government for the purposes of Section 224. Under Section 224(a), the remedy against the United States provided under the Federal Tort Claims Act (FTCA) for medical and related functions performed by commissioned officers or employees of the PHS while acting within the scope of office or employment, shall be exclusive of any other civil action or proceeding. P.L. 102-501 extends this "FTCA coverage" to the grantees that have been deemed covered under Section 224(h) and certain of their officers, employees, and contractors, as specified below.

This action is based on the assurances provided on March 22, 1993, with regard to: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice; (2) implementation of a system whereby professional credentials, references, claims history, fitness, professional review organization findings, and licensure status of its health professionals are reviewed and verified; (3) cooperation with the Department of Justice (DOJ) in the defense of claims (including access to all pertinent documents and patient information and records) and actions to assure against claims in the future; and (4) cooperation with the DOJ in providing information related to previous malpractice claims history.

All officers, employees, and full-time contractors (minimum 32.5 hours per week) of this grantee who are physicians or other licensed or certified health care practitioners and who are providing services under the scope of activities covered by the project funded through its Section 329 (migrant health centers), Section 330 (community health centers), Section 340 (health services for the homeless), or Section 340A (health services for residents of public housing) grant(s) are also deemed to be employees of the Federal Government for the purposes of Section 224, as are part-time contractors who are licensed or certified

Page 2 - Ms. Edith H. Mas

providers of obstetrical services and whose individual medical malpractice liability insurance coverage does not extend to services performed for this grantee. Subrecipients listed as eligible for FTCA coverage by the grantee will be deemed eligible only for carrying out those grant-related activities designated as being within the scope of their contract.

Accordingly, the Attorney General, through the DOJ, has the responsibility for the defense of the individual and/or grantee for malpractice claims approved for FTCA coverage. Please note that the applicability of the Act to a particular claim or case will depend upon the determination or certification, as appropriate, by the Attorney General that the individual or grantee is covered by the Act and was acting within the scope of employment. Such determination or certification is subject to judicial review. If the claim is subject to FTCA coverage, it must be reviewed initially by the PHS through an administrative claims process. Your cooperation in the handling of the claim (including providing the relevant medical records) will be necessary.

Section 224 is further amended by providing that hospital admitting privileges cannot be denied if a covered health professional meets the appropriate professional qualifications, and agrees to abide by the hospital bylaws and the rules, and regulations of the medical staff. These individuals are thus afforded the same treatment as members of the National Health Service Corps with respect to hospital admitting privileges. Hospitals that fail to comply shall be in jeopardy of losing Medicare and Medicaid reimbursements.

The BPHC will be evaluating the implications of FTCA coverage for the payment of malpractice insurance costs under the terms of your grant. As a general rule, BPHC would not allow further charges to the grant for malpractice insurance for services subject to FTCA coverage. However, BPHC recognizes that some insurable risks will remain after the effective date of eligibility for FTCA coverage, including risks covered by malpractice insurance for non-covered providers. These remaining risks may require the purchase of private insurance by the grantee. Furthermore, it is expected that grantees will purchase "tail" insurance coverage for current providers with claims made instead of occurrences policies. Consequently, a grantee that has been deemed eligible for FTCA coverage should not cancel its current private malpractice insurance policies until these "gap" coverage requirements have been identified and policies secured.

The BPHC will consider allowing the grantee to continue to purchase its current malpractice insurance where the grantee can demonstrate that: (1) this is necessary to maintain the current scope of services and patient care activities and (2) the cost of such insurance is less than the cost of the insurable risks that remain after FTCA coverage is in effect, i.e., gap coverage.

Page 3 - Ms. Edith H. Mas

Furthermore, BPHC will examine your request for charging to your grant the cost of "tail" insurance, if your previous malpractice coverage was for claims made, rather than occurrences. Here too, we will consider the extent to which the cost of tail insurance exceeds the cost of the present malpractice insurance, in deciding which form of insurance will be an allowable expense under the grant.

The effective date of eligibility for FTCA malpractice coverage is March 15, 1994. FTCA coverage is only applicable to acts or omissions occurring after this effective date and before January 1, 1996, for the scope of activities covered by the grant funded project.

For further information, please contact Mr. Joel Bostrom, FTCA Coordinator, Region I, (617) 565-1470.

Sincerely yours,

Marilyn H. Gaston, M.D.
Assistant Surgeon General
Director

32.5

**DEPARTMENT OF HEALTH & HUMAN SERVICES**
BUREAU OF PRIMARY HEALTH CARE

Public Health Service

Health Resources and
Services Administration
Bethesda MD 20814

JUN 20 1996

Mr. Raymond D. Fredette
Executive Director
Greater Lawrence Family Health Center
34 Haverhill Street
Lawrence, Massachusetts 01841

Reference: Malpractice Liability Coverage

The Bureau of Primary Health Care (BPHC), in accordance with Section 224(h) of the Public Health Service (PHS) Act, 42 U.S.C. 233(h) as amended by the Federally Supported Health Centers Assistance Act of 1995 (Pub.L. 104-73), deems the above named entity to be an employee of the Federal Government, effective June 23, 1996, for the purposes of Section 224. Section 224(a) provides liability protection under the Federal Tort Claims Act (FTCA) for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, and related functions and is exclusive of any other civil action or proceeding. This "FTCA coverage" is applicable to deemed entities and their including officers, governing board members, employees, and contractors who are physicians or other licensed or certified health care practitioners working full-time (minimum 32.5 hours per week) or part-time providing family practice, general internal medicine, general pediatrics, or obstetrical/gynecological services.

Section 224 further provides that hospital admitting privileges cannot be denied on the basis of having malpractice coverage under the FTCA, if a covered health care professional meets the appropriate professional qualifications, and agrees to abide by the hospital bylaws and the rules, and regulations of the medical staff. Moreover, managed care plans are required to accept FTCA as meeting whatever malpractice insurance coverage requirements such plans may require of contracting providers. Hospitals and managed care plans that fail to comply shall be in jeopardy of losing Medicare and Medicaid reimbursements.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met. For example, a $1.0 million each claim/$3.0 million aggregate occurrence is met since FTCA would, as appropriate, provide for the payment to a plaintiff of any damages awarded as a result of a judgment or a settlement approved by the Attorney General, sums in excess of this amount.

For further information, please contact Robin Lawrence, D.D.S., Regional FTCA Coordinator, HRSA Field Office, Boston, Massachusetts at (617) 565-1426.

Sincerely yours,

Marilyn H. Gaston, M.D.
Assistant Surgeon General
Director

# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TAMMY ALLEN, Personal )
Representative of the Estate )
of Norman Allen, ) C.A. No.
 )
Plaintiff, )
 )
V. )
 )
MICHAEL KELLEY, M.D., )
 ) **05 11463 DPW**
Defendant. )

### CERTIFICATION OF UNITED STATES ATTORNEY

I, Michael J. Sullivan, United States Attorney for the District of Massachusetts, acting pursuant to the provisions of 28 U.S.C. § 2679(d)(2) and 42 U.S.C. § 233(g), and by virtue of the authority vested in me by the Appendix to 28 C.F.R. § 15.3, hereby certify that the defendant, Michael Kelley, M.D., was acting within the scope of his employment as an employee of the United States for the purpose of this civil action at the time of the conduct alleged in the complaint in the above-captioned action.

Dated: 7-9-05            By: _____
                              Michael J. Sullivan
                              United States Attorney
                              District of Massachusetts