UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ———————————————— )<br>TAMMY ALLEN, PERSONAL )<br>REPRESENTATIVE OF THE ESTATE )<br>OF NORMAN ALLEN, )<br> )<br>        Plaintiff, )<br> )<br>        V. )<br> )<br>UNITED STATES OF AMERICA, )<br> )<br>        Defendant. )<br>———————————————— )| Civil Action No. 05-11463-DPW |

**MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO DISMISS TAMMY ALLEN'S COMPLAINT**

The United States of America(hereinafter "United States") respectfully requests that this Court dismiss with prejudice Tammy Allen's (hereinafter "Allen") complaint in the above-captioned matter pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure as this Court lacks subject matter jurisdiction.

**BACKGROUND**

Allen, the personal representative of the Estate of Norman Allen (hereinafter "decedent"), filed a complaint in the Essex County Superior Court. The United States removed that proceeding to this Court because Allen seeks damages from the Greater Lawrence Family Health Center (hereinafter "Health Center"), a federally funded health care center. She alleges a Health Center's physician, Michael Kelley, M.D. (hereinafter "Doctor Kelley"), misdiagnosed the decedent's cancer. The decedent died

on May 18, 2002.  Allen, however, failed to file an
administrative claim with the appropriate federal agency, the
Department of Health and Human Services (hereinafter "HHS"), as
required by the Federal Tort Claims Act (hereinafter "FTCA"). 28
U.S.C. § 2401(b).  *See* Declaration of Richard G. Bergeron
attached as Exhibit A.[1]

**ARGUMENT**

**I.    Standard of Review for a Motion to Dismiss**

A motion to dismiss challenges the sufficiency of the
complaint without being subjected to discovery or other costly
and time-consuming proceedings.  Rutman Wine Co. v. E. & J. Gallo
Winery, 829 F.2d 729, 738 (9th Cir. 1987).  As is customary, the
factual allegations of a complaint are taken as true.  *E.g.*
Edwards v. John Hancock Mutual Life Insurance Co., 973 F.2d 1027,
1028 (1st Cir. 1992); Coyne v. City of Somerville, 972 F.2d 440,
443 (1st Cir. 1992).  *See* Scheuer v. Rhodes, 416 U.S. 232, 236
(1974); McDonald v. Commonwealth of Massachusetts, 901 F. Supp.
471, 475 (D. Mass. 1995).

---

[1]"The attachment of exhibits to a Rule 12(b)(1) motion does
not convert it to a Rule 56 motion.  While the court generally
may not consider materials outside the pleadings on a Rule
12(b)(6) motion, it may consider such materials on a Rule
12(b)(1) motion . . . ."  Gonzalez v. United States, 284 F.3d
281, 288 (1st Cir. 2002); *see* Dynamic Image Technologies, Inc. v.
United States, 221 F.3d 34, 37-38 (1st Cir. 2000) (in considering
a Rule 12(b)(1) motion, "[t]he court . . . may consider extrinsic
materials, and, to the extent it engages in jurisdictional
factfinding, is free to test the truthfulness of the plaintiff's
allegations").

## II.  Motion to Dismiss Pursuant to Rule 12(b)(1)

For a plaintiff to maintain a suit against the United States she must establish a waiver of sovereign immunity permitting such a suit.  *See* Block v. North Dakota, 461 U.S. 273, 287 (1983).  The United States is "absolutely shielded from tort actions for damages unless sovereign immunity has been waived."  United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Mitchell, 445 U.S. 535, 538 (1980).  A waiver of sovereign immunity cannot be implied, but must be unequivocally expressed.  Testan, 424 U.S. at 399.  Thus, except as Congress has consented, no court has jurisdiction to hear an action against the United States.  Id.

The FTCA establishes a limited waiver of sovereign immunity and is the exclusive damages remedy for tort claims against the United States, its agencies, or its officials.  28 U.S.C. § 2679(a) (1982); *see* Eveland v. Director of Central Intelligence Agency, 843 F.2d 46, 49-50 (1st Cir. 1982).  However, Congress has explicitly conditioned its waiver of sovereign immunity for tort claims against the United States on the filing of an administrative claim with the appropriate federal agency.  28 U.S.C. § 2675(a) (1982); *see* Eveland, 843 F.2d at 50.  "Under the Federal Tort Claims Act, it is a jurisdictional prerequisite to the filing of suit in the United States District Court that the plaintiff must first exhaust his administrative remedies."

3

<u>Gilday v. Webster</u>, 582 F. Supp. 732, 733 (D. Mass. 1984) (citing 28 U.S.C. § 2675(a)) (emphasis added); *see* <u>Haqmeyer v. Department of Treasury</u>, 647 F. Supp. 1300, 1304 (D.D.C. 1986) (citing <u>Hohri v. United States</u>, 782 F.2d 227, 345 (D.C. Cir. 1986)).  This jurisdictional FTCA filing requirement is not subject to equitable waiver.  *See* <u>Haqmeyer</u>, 647 F. Supp. at 1304; <u>Romero-Barcelo v. Brown</u>, 478 F. Supp. 646 (D.P.R. 1979).  Here, Allen did not file an administrative complaint.  Therefore, the Court lacks subject matter jurisdiction to hear the claim against the United States under the FTCA and a motion to dismiss is appropriate.[2]

### CONCLUSION

For all of the foregoing reasons, the United States respectfully requests that this Court dismiss with prejudice Allen's complaint in the above-captioned matter.

---

[2]Allen's mother, Ruth, did file an administrative claim on her own behalf within the two year time period such claims are required to be filed.  However, Ruth filed that claim solely in her personal capacity.  Allen is precluded from piggybacking on her mother's administrative claim for the purposes of filing a civil action.  *See* <u>Adams by Adams v. United States</u>, 807 F.2d 318, 320 (2nd Cir. 1986) (instructing that plaintiff mother's claim was properly dismissed because mother did not file her own administrative complaint); <u>Jackson v. United States</u>, 730 F.2d 808 (D.C. Cir. 1984) (instructing that widow's individual and survivorship claims were properly dismissed because she did not file an administrative claim).  Therefore, Allen and the decedent's estate are barred by the statute of limitations as no administrative claim was filed with HHS before filing a civil claim in federal court.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

Dated: July 22, 2005                    /S/ Christopher Alberto
                                        Christopher Alberto
                                        Assistant U.S. Attorney
                                        U.S. Attorney's Office
                                        John Joseph Moakley Courthouse
                                        1 Courthouse Way, Suite 9200
                                        Boston, MA   02210
                                        Tel. No. (617) 748-3311


### CERTIFICATE OF SERVICE

I hereby certify that on this day service of the foregoing Motion to Dismiss has been made upon the following by depositing a copy in the United States mail, postage prepaid to:

William Thompson, Esq.
Lubin & Meyer, P.C.
100 City Hall Plaza
Boston, MA 02108


Dated: July 22, 2005                    /S/ Christopher Alberto
                                        Christopher Alberto
                                        Assistant U.S. Attorney

5

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Tammy Allen, Personal Representative of the Estate of Norman Allen, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. |
| Michael Kelly, M.D., | ) ) ) | |
| Defendant. | ) ) ) | |

DECLARATION OF
RICHARD G. BERGERON

1. I am a Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services (the "Department"). I am familiar with the official records of administrative tort claims maintained by the Department as well as with the system by which those records are maintained.

2. The Department's Claims Branch maintains a computerized database record of administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.

3. As a consequence, if a tort claim had been filed with the Department with respect to Greater Lawrence Family Health Center, Inc., and Michael Kelly, M.D., a record of that filing would be maintained in the Claims Branch's database.

4. I caused a search of the Claims Branch's database to be conducted and found no record of an administrative tort claim filed by Tammy Allen or an authorized representative

- 2 -

relating to Greater Lawrence Family Health Center, Inc., or Michael Kelly, M.D. However, an administrative claim was filed by Ruth Allen on May 7, 2004.

5. I have also reviewed official agency records and determined that Greater Lawrence Family Health Center, Inc., was first deemed eligible for Federal Tort Claims Act malpractice coverage effective March 15, 1994, and that its deemed status has continued without interruption since that date. Copies of the notifications by an Assistant Surgeon General, Department of Health and Human Services, to Greater Lawrence Family Health Center, Inc., are attached to this declaration as Exhibit 1.

6. Official agency records also indicate that Michael Kelly, M.D., was an employee of Greater Lawrence Family Health Center, Inc., at all times relevant to the complaint in this case.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated at Washington, D.C., this _24th_ day of _June_, 2005.


RICHARD G. BERGERON
Senior Attorney, Claims and Employment Law Branch
General Law Division
Office of the General Counsel
Department of Health and Human Services