UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TAMMY ALLEN, PERSONAL REPRESENTATIVE OF THE ESTATE OF NORMAN ALLEN, <br><br> Plaintiff, <br><br> V. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ) ) ) ) ) ) ) ) Civil Action No.1:05-cv-11463 ) ) ) ) ) |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

The plaintiff, Tammy Allen, Personal Representative of the Estate of Norman Allen, requests that this Court deny the United States' motion to dismiss the complaint in the above-captioned matter. Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, this Court has proper subject matter jurisdiction as the administrative requirements under the Federal Tort Claims Act (FTCA) were properly satisfied.

### BACKGROUND

Norman Allen was a 54 year-old man who died on May 18, 2002 as a result of metastatic colon cancer. The plaintiff alleges that Mr. Allen suffered an untimely death as a result of a delay in diagnosis by Michael Kelly, M.D. Greater Lawrence Family Health Center, Inc., a federally funded facility, employed Dr. Kelly at the time of Dr. Kelly's treatment of Norman Allen.

On May 6, 2004, counsel for the Allen family sent a letter enclosing a FTCA Form 95 regarding the matter of the Estate of Norman Allen to the Department of Health & Human Services (DHHS). **(See Attachment A, Standard Form 95, dated 4-22-04)** Ruth Allen, the widow of the decedent, was the personal representative noted in line 2 of the Form 95. The Allens' attorneys received a letter on May 7, 2004, acknowledging the receipt of the claim relating to the wrongful death of Norman Allen due to the alleged failures of Michael Kelly, M.D. and the staff of the Greater Lawrence Family Health Center, Inc. **(See Attachment B, letter dated 5/7/04 from DHHS)**

In addition to the acknowledgment of the claim, DHHS requested documents regarding information about the decedent and his estate. On June 23, 2004, the Allens' attorneys responded to DHHS's request by providing medical records and the death certificate. **(See Attachment C, letter in Response to Requests from DHHS, dated 6/23/04)** The Allens' attorneys also provided to DHHS the names, addresses, and kinship of decedent's survivors, which included Ruth Allen (the decedent's wife), Tammy Allen (the decedent's daughter), and Steve Allen (the decedent's son). **(See Attachment C, response 6)**

On November 9, 2004, Tammy Allen was appointed to administer the estate of her father, Norman Allen. **(See Attachment D, Letter of Appointment)** On May 13, 2005, Tammy Allen, as personal representative and beneficiary of the Estate

2

of Norman Allen, filed an action against Michael Kelly, M.D. in

Essex County Superior Court.[1]  The complaint arises out of, and

is based upon, the wrongful death of Norman Allen.  It involves

the same theories and the same set of facts as outlined in the

FTCA notice to the DHHS.

### ARGUMENT

I.    **The United States And The Department Of Health & Human Services Were Aware That A Claim Was Being Brought On Behalf Of The Estate Of Norman Allen For The Alleged Negligence of Michael Kelly, M.D.**

Congress has created an administrative procedure that

claimants must follow and exhaust prior to filing a lawsuit

against the United States or its employees.  This procedure

allows the agency involved to receive a claim, investigate, and

perhaps settle the dispute before a suit is filed.  28 U.S.C.

§2675.  In the context of 28 U.S.C. §2675, the emphasis is on the

agency's receipt of information: it must have enough information

that it may reasonably begin an investigation of the claim.

Santiago-Ramirez v. Secretary of the Department of Defense, 984

F.2d 16, (1st. Cir. 1993) See Corte-Real v. United States, 949

F.2d 484 (1st. Cir. 1991).

The principal and relevant purpose of the administrative

---

[1] On July 12, 2005, the United States Attorney's Office for the District of Massachusetts filed a notice of removal to federal district court.

provisions of the FTCA is to notify the government of the existence of the claim and also to provide the government "with more complete information as to the number of persons interested in the claim so that the value of the settlement can be accurately assessed." Del Valle Rivera v. United States, 626 F. Supp. 347 (D.P.R.1986). The claims process is meant largely to furnish notice to the government sufficient to allow it to investigate the alleged negligent episode to determine if settlement would be in the best interests of all. Lopez v. United States, 758 F.2d 806, 809 (1st. Cir. 1985). See Also Dykes v. United States, 794 F. Supp. 334 (D.S.D. 1992) (where court emphasized that it did not matter whether claimant or some other person was authorized to file an administrative claim, the focus of the investigation of the events surrounding the decedent's death would not be affected).

In this case, the government was aware that Norman Allen's family was bringing an administrative claim on behalf of Norman Allen's Estate. The government could also reasonably expect a civil action to be brought on behalf of the estate against the government if the matter was not resolved in the administrative stage. Ruth Allen's name appears in the box on FTCA Form 95 listing the name of the claimant or personal representative. At the time the form was filed in May, 2004, no one had been appointed to be the legal representative of Norman Allen's estate.

4

The government should reasonably have assumed that any legal action, if commenced, would be commenced as a wrongful death claim. Accordingly, Ruth Allen would not have, and could not bring, individual claims since her individual claims are subsumed within the Massachusetts wrongful death statute. Mass. Gen. Laws. Ch.229, §§ 1,2 (2003). It is, therefore, an unrealistic and unsupportable stretch of reasoning for the government to now claim it had notice of Ruth Allen's claim, but no notice of Tammy Allen's claim. In fact, what the government had was notice of Norman Allen's wrongful death claim. The name of the ultimate representative of his estate is of no consequence.

The government was further made aware through the FTCA notice provisions that Tammy Allen was a beneficiary capable of becoming a representative of the estate and bringing a civil action as she later did in this case. In the exchange of documents that took place between DHHS and the Allens' attorneys, DHHS learned that Tammy Allen was a statutory beneficiary of the Estate of Norman Allen. Thus, the government was aware of both the claim itself, and Tammy Allen's relationship to the decedent, during the administrative stage.

The government has not claimed surprise when learning of the filing of this lawsuit. Indeed, the government has had notice for over a year. The government, through this motion to dismiss, is seeking to create a technical barrier where none

5

exists in an attempt to thwart the Allens' right to recover in
this action, and avoid all responsibility for the negligent acts
of its employee, Michael Kelly, M.D.  To that end, the government
seeks to construe the FTCA in an extremely narrow and restrictive
manner, contrary to the plain language of the FTCA itself and
case law interpreting the act.

II.     **The United States Is Attempting To Avoid Liability By
        Misconstruing The Requirements Set Forth By Congress And
        Clarified By Federal Courts.**

        The FTCA and the regulations promulgated in 28 C.F.R. §§
14.1-14.11 permit the filing of administrative claims by any
individuals who are beneficiaries under the Massachusetts
wrongful death statute.  Wozniak v. United States, 701 F. Supp.
259, 260-261 (D.Mass. 1988). Under Massachusetts law,
commencement of a lawsuit regarding the same claims must be
brought by a representative of the decedent's estate. Booten v.
United States, 95 F. Supp. 2d 37 (D.Mass. 2000), citing Wozniak,
701 F. Supp. 259, 260-261.

        In Booten, the wife of the decedent filed administrative
claims against a Veteran's Administration Hospital for loss of
consortium and wrongful death of her husband while acting as a
voluntary Administratrix.  Booten, 95 F. Supp. 2d at 41.  The
wife and the defendant engaged in several exchanges over the
course of six months until it became clear that the defendant
would not settle. Id. at 42.  The wife of the decedent then filed
a lawsuit on behalf of the decedent's estate while

6

contemporaneously petitioning the Massachusetts Probate and
Family Court to appoint her full Administratrix of her husband's
estate. Id. The defendant moved to dismiss the case claiming
that the wife lacked the requisite authority to file an
administrative claim and thus her representation of her husband's
estate in the civil action was improper due to the lack of
fulfilling the administrative requirement. Id. The court held
that her administrative requirements were fulfilled as she was a
beneficiary of the estate, the defendant knew how much damages
were sought, and the defendant had a full opportunity to
investigate the claim and avoid litigation. Id.

     In this case, the United States claims that Tammy Allen had
not fulfilled her administrative requirement before initiating
suit against the government. The United States incorrectly
relies on Jackson v. United States, 730 F.2d 808 (D.C. Cir.
1984). In Jackson, the widow brought a lawsuit after the
decedent's parents' FTCA wrongful death claim was denied. Jackson
730 F.2d at 808. The court reasoned in affirming the dismissal
that the claims asserted in the administrative stage were
different in nature than the claims asserted in the lawsuit. Id
at 810.[2] Where, however, the same claim is asserted in the
administrative stage and in the lawsuit (as in this case), the

---

[2] The Court in Jackson did not attempt to interpret Pennsylvania's wrongful death statute to determine the
ways in which a beneficiary may recover for the wrongful death of a decedent.

administrative requirement is satisfied. See Hiatt v. United States, 910 F.2d 737 (11th. Cir. 1990).

The United States also wrongfully relies on Adams by Adams v. United States, 807 F.2d 318 (2nd. Cir. 1986). In Adams, a cabinet fell and injured a girl in her home and she filed an FTCA claim against the Department of Housing and Urban Development for her injuries. Adams, 807 F.2d at 318. The claim was denied and the girl brought a lawsuit against the United States, as did the girl's mother who had a separate claim for loss of her daughter's services. Id. at 318. The mother's recovery was barred because the claim was not asserted in the FTCA notice. Id. at 318. The daughter's recovery was not barred.

The facts in Adams are distinguishable from the facts of this case as Tammy Allen is not asserting a claim that was never mentioned in the FTCA notice. See id at 318. To the contrary, it is the very same claim. Ruth Allen gave administrative notice for the wrongful death of Norman Allen and now Tammy Allen, as representative of the estate, is bringing a lawsuit for the exact same claim.

The basis of the Allens' administrative claim was explained as: "Failure to perform colorectal screening on the decedent, Norman Allen, who was symptomatic and had a family history of colon cancer results in metastatic colon cancer and the death of the decedent at the age of 54." **(See attachment A, Line 10)** This administrative claim, which is now a civil action, is based on

8

the same set of facts: the alleged negligent treatment provided
to the decedent, Norman Allen, which resulted in Mr. Allen's
wrongful death.

Any liability found on the part of the United States will
be as a result of negligence in the medical care and treatment
provided to the decedent, Norman Allen. Any monetary damages
imposed on the United States will be apportioned to the legal
beneficiaries under the Massachusetts wrongful death statute. See
Mass. Gen. Laws. Ch.229, §§ 1,2 (2003). Neither Ruth Allen nor
Tammy Allen have asserted any individual claims outside of the
wrongful death claim.

## III.    The Plaintiff Has Satisfied The Administrative Requirement
Of The FTCA.

The purpose of the FTCA claim is to make a demand for a sum
certain of damages so the defendant may assess the efficacy of
the claim and to provide sufficient detail to allow the defendant
to conduct a full investigation into the underlying circumstances
of the claim. Booten, 95 F. Supp. 2d at 37. Here, the family of
Norman Allen filed a timely FTCA notice. The DHHS then
investigated the claims of the Estate of Norman Allen.  The DHHS
even requested additional materials to evaluate the claim, and
the Allen family supplied additional materials and information.
The DHHS then allowed the six month time period to expire without
a substantive response, effectively denying the claim. A civil

9

action was then brought on behalf of the Estate of Norman Allen
for the same claims asserted in FTCA Form 95.

The First Circuit has established that the purpose of the
Federal Tort Claims Act is to accord injured parties an
opportunity for recovery "as a matter of right" and that the
enactment of the law was not intended to "put up a barrier of
technicalities to defeat their claims". Del Valle Rivera v.
United States, 626 F. Supp. 347 (D.P.R. 1986), citing Lopez, 758
F. 2d 806, 809. See also GAF Corp v. United States, 818 F.2d 901
(D.C.Cir. 1987).

In this case, the government is attempting to create "a
barrier of technicalities" to thwart proper adjudication of the
earnest claims brought on behalf of the Estate of Norman Allen.
Importantly, the government is not claiming surprise. Moreover,
the government is not claiming prejudice. To the contrary, the
DHHS was fully aware of the claim and had ample opportunity to
evaluate the claim during the administrative phase of this case.
The same claim is now being asserted in the present suit. The
Allens have fully complied with the spirit and purpose of the
FTCA notice requirements, and they should not be precluded from
pursuing their case and having the merits heard in a court of
law.

## CONCLUSION

The FTCA administrative requirements were properly satisfied and this action should be allowed to go forward. The plaintiff requests the court deny the defendant's motion to dismiss.

Respectfully submitted,
The plaintiff,
By her attorney,

William J. Thompson
LUBIN & MEYER, P.C.
100 City Hall Plaza
Boston, MA 02108
(617) 720-4447
BBO#: 559275

11

# ATTACHMENT A

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROROVED OMB NO. 1105-0008 EXPIRES 5-31-05 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| | Ruth Allen<br>A18 Ohio Street<br>Bangor, ME 04401 |

| 3. TYPE OF EMPLOYMENT<br>MILITARY ( CIVILIAN. | 4. DATE OF BIRTH<br>5/22/52 | 5. MARITAL STATUS<br>widowed | 6. DATE AND DAY OF ACCIDENT<br>1997 - 2000 | 7. TIME (A.M. OR P.M) |
|---|---|---|---|---|

**8. Basis of Claim** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

Failure to perform colorectal screening on the decedent, Norman Allen, who was symptomatic and had a family history of colon cancer resulted in metastatic lung cancer and the death of Norman Allen at the age of 54.

**9.** **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side)

**10.** **PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT

Failure to perform colorectal screening on the decedent, Norman Allen, who was symptomatic and had a family history of colon cancer results in metastatic colon cancer and the death of the decedent at the age if 54.

**11.** **WITNESSES**

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| Michael Kelly, M.D. | Greater Lawrence Family Health Center<br>34 Haverill Street<br>Lawrence, MA 01841 |

| 12. (See instructions on reverse) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH<br>$10,000,000 | 12d. TOTAL (Failure to specify may cause forfeiture of your rights)<br>$10,000,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>*Ruth Allen* | 13b. Phone number of signatory<br>207-942-6169 | 14. DATE OF CLAIM<br>4-22-04 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States.  (See 18 U.S.C.A. 287.) |

95-108
Previous editions not usable

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS

**Complete all items - Insert the word NONE where applicable**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claim Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT, THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim And may result in forfeiture of your rights.**

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC  20503

## INSURANCE COVERAGE

In order that subrogation claims be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?    Yes, if yes give name and address of insurance company (*Number, street, city, State, and Zip Code*) and policy number.    No

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?    |    17. If deductible, state amount

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (*It is necessary that you ascertain these facts*)

19. Do you carry public liability and property damage insurance?    Yes, If yes, give name and address of insurance carrier (*Number, street, city, State, and Zip Code*)    No

SF 95 (Rev. 7-85) BACK

* U.S. GOVERNMENT PRINTING OFFICE: 1989–241-175

# ATTACHMENT  B



**DEPARTMENT OF HEALTH & HUMAN SERVICES**
                                                    Program Support Center
                                                    Division of Acquisition Management, SAS

Claims Branch
Room 5C-10, Parklawn Building
5600 Fishers Lane
Rockville, Maryland 20857

May 7, 2004

**Refer to: 04-0279**

William J. Thompson, Esquire
Lubin and Meyer, P.C.
Attorneys at Law
100 City Hall Plaza
Boston, Massachusetts 02108

**RE:  Ruth Allen, Executrix of the Estate of Norman Allen**

Dear Mr. Thompson:

This will acknowledge receipt of your client's claim relating to
the wrongful death of Norman Allen due tot he alleged failure of
staff of the Greater Lawrence Family Health Center, Inc. (GLFHC),
Lawrence, Massachusetts from 1997 thru 2000.  Your client's claim
was received in this office on May 7, 2004 for consideration and
reply.

The Federally Supported Health Centers Assistance Act of 92, Public
Law No. 102-501, 42 U.S.C. 233(g)(k), and the amended Federally
Supported Health Centers Assistance Act of 1995, Public Law No.
104-73, 42 U.S.C. 201, provides that the **Federal Tort Claims Act** is
the exclusive remedy for injuries, including death, caused by
employees of a deemed community health center which occurred on or
after January 1, 1993 **or when the Health Center was deemed eligible
for coverage.**  The above named health center was deemed eligible
for Federal Tort Claims Act coverage on March 15, 1994 and re-
deemed on June 23, 1993.  This administrative tort claim has been
properly filed in this office.

In order to proceed with our investigation into this matter, please
forward to this office, at the address above, the following
substantiating evidence;

1.   **Two copies** of all **non-Health Center** medical records
     pertaining to the allegations in your client's claim,
     including laboratory tests and results, hospital admission
     and discharge reports, ER Reports, EKG results, x-rays
     (duplicate originals), Admission and Discharge Summaries,
     doctors' and nursing notes pertaining to the allegations
     contained in the claim;

-2-

2.    An authenticated Death Certificate showing date of death;

3.    An Autopsy Report if one was performed;

4.    Degree of support afforded by Mr. Allen to each survivor dependent upon him for support at the time of his death;

5.    One copy of all radiology films which pertain to the allegations;

6.    Full names, addresses, birth dates, and kinship of the decedent's survivors, including identification of those survivors who were dependent on Mr. Allen for support at the time of his death;

7.    Evidence of substantiating an economic loss claimed as damages;

8.    Any other evidence or information which may have a bearing on the responsibility of the Health Center and/or the employees involved for the injuries and the damages claimed;

Please be advised that all evidence shall be furnished within a reasonable time.  Failure of a claimant to furnish evidence necessary to a determination of the claim within **THREE MONTHS** after a request has been mailed may be deemed an abandonment of the claim and may be thereupon disallowed.

Upon completion of a medical review by an appropriate specialist, your client's claim will be forwarded to the Office of the General Counsel, DHHS, in Washington, D.C., for a final determination.  You will be notified in writing when the claim is transferred.

If you have any questions, please contact this office and ask to speak with the Paralegal Specialist assigned the case.

Yours truly,

Cheryl J. Crandell
Legal Assistant
Claims Branch, PSC
(301) 443-1904 or 1621
FAX: (301) 443-8514

DOCKETED
DATE    5/17/04

# ATTACHMENT C

# LUBIN & MEYER PC
ATTORNEYS AT LAW

ANDREW C. MEYER, JR
ROBERT M. HIGGINS
♦ KRYSIA J. SYSKA
♦ ♦ SUZANNE C. M. McDONOUGH
• ♦ WILLIAM J. THOMPSON
• ADAM R. SATIN
URSULA KNIGHT

♦ Also admitted in New Hampshire
• Also admitted in Rhode Island

DONALD M. LUBIN
(1945-1990)

100 City Hall Plaza
Boston, Massachusetts 02108
617-720-4447
617-720-1229 fax
www.lubinandmeyer.com

June 23, 2004

Cheryl L. Crandell, Legal Assistant
Department of Health and Human Services
Room 5C-10, Parklawn Building
5600 Fishers Lane
Rockville, MD 20857

### RE:    Ruth Allen, Executrix of the Estate of Norman Allen
Reference No. 04-0279

Dear Ms. Crandell:

This letter and the enclosed attachments are in response to your letter of May 7, 2004 regarding Ruth Allen, Executrix of the Estate of Norman Allen.

1. Two Copies of all non-health center medical records pertaining to the allegations in your client's claim including laboratory tests and results, hospital admission and discharge reports, ER reports, EKG results, x-rays (duplicate originals), Admission and Discharge Summaries, doctors' and nursing notes pertaining to the allegations contained in the claim.

    **Please see Attachment A, two copies of medical records from Greater Lawrence Family Health Center.**

2. An authenticated Death Certificate showing the date of death.

    **Please See Attachment B, copy of certified death certificate showing date of death.**

3. An autopsy report if one was performed.

    **No autopsy was performed.**

4. Degree of support afforded by Mr. Allen to each survivor dependent upon him for support at the time of his death.

    **We currently have no information in our possession regarding the support afforded by Mr. Allen to his survivors.**

5. One copy of all radiology films which pertain to the allegations.

    **We do not currently possess any films pertaining to these allegations. In the event films come into our possession, we will notify you.**

Page Two
June 23, 2004

6. Full names, addresses, birth dates, and kinship of the decedent's survivors, including identification of those survivors who were dependent on Mr. Allen for support at the time of his death.

   **(a) Ruth Allen, Wife**
   **818 Ohio Street**
   **Bangor, ME 04401**

   **(b) Tammy Allen, Daughter**
   **155 North Shore Road**
   **Derry, NH 03038**

   **(c) Steven Allen, Son**
   **P.O. Box 7**
   **East Hampstead, NH 03826**

7. Evidence substantiating an economic loss claimed as damages.

   **We have no documents substantiating economic loss in our possession at this time. In the event we acquire such documents we will make them available to you.**

8. Any other evidence or information which may have a bearing on the responsibility of the Health Care Center and/or the employees involved for the injuries and the damages claimed.

   **Please refer to Attachment A, medical records of the Greater Lawrence Family Health Center.**

   Please let me know if you require any further information or documents to evaluate this claim.

                              Very truly yours,

                              *William Thompson*

                              William J. Thompson

WJT/ka
Enclosures

# ATTACHMENT D

**The State of New Hampshire**
Rockingham Probate Court
P. O. Box 789
Kingston, NH  03848
603 642-7117


IN RE:  Will and Probate of Norman G. Allen

DOCKET NUMBER: 2004-0886


## CERTIFICATE OF APPOINTMENT
### (Letter of Appointment)


On November 9, 2004, Tammy Allen of 155 North Shore Road Derry, NH
03038, Tel: (603)898-7065, was appointed to administer the estate of
Norman G. Allen and accepted this responsibility. This appointment
remains in effect as per the records of this court, as of the date
stated below.

This document, when signed below under seal, certifies that this
appointment did occur as stated above.


Date:   November 12, 2004        Julianne French
                                 Deputy Register of Probate




NOT VALID WITHOUT
PROBATE COURT SEAL.




AOC Form PRP080 (Rev 07/18/2001)