UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TAMMY ALLEN, PERSONAL REPRESENTATIVE OF THE ESTATE OF NORMAN ALLEN, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) Civil Action No. 1:05-CV-11463 ) ) ) ) ) ) |

**JOINT STATEMENT**

**I.    DESCRIPTION OF THE CASE**

This is a wrongful death case arising out of the May 18, 2002 death of 54 year-old Norman Allen due to metastatic rectal cancer. Mr. Allen's family history was remarkable for a father who suffered from rectal cancer. Additionally, Mr. Allen complained of symptoms, such as weight loss and a change in his bowel pattern, which are typically associated with colorectal cancers. Despite Mr. Allen's age, positive family history for rectal cancer, and his showing of colorectal cancer symptoms, a colorectal screening, colonoscopy, or other forms of testing were neither offered nor performed until Mr. Allen changed his healthcare provider in October of 1999. When the appropriate tests were finally performed, Mr. Allen's disease had progressed and he was diagnosed with Stage III rectal cancer. The plaintiff alleges that Mr. Allen's death was the result of negligent, inadequate, and unacceptable medical care and treatment rendered by Michael Kelley, M.D., servant, agent or employee of The United States of America during the time period of 1998-1999.

**II.    AGREED UPON ISSUES OF FACT**

A.  The plaintiff is Tammy Allen, who was appointed as the Administrator of the Estate of Norman Allen in New Hampshire on November 9, 2004, and subsequently appointed in Massachusetts as Administrator of the Estate of Norman Allen.

B.  The defendant, The United States of America, was at all times relevant, an employer of Michael Kelley, M.D.

    C.    A doctor-patient relationship existed between the plaintiff's decedent, Norman Allen and Michael Kelley, M.D., an agent, servant, and employee of the defendant, The United States of America during the relevant time periods.

### III. PROPOSED PLAN FOR DISCOVERY

The parties propose that discovery close on November 30, 2006 and proceed as follows:

**a.  Discovery Limitations:**

The parties agree that it does not appear necessary that discovery exceed the limitations imposed by Fed. R. Civ. P. 26(b) and L. R. 26.1(C). The parties agree that each side will be limited to ten (10) depositions, twenty-five (25) interrogatories, twenty-five (25) requests for admission, and two sets of requests for production of documents.

**b.  Phased Discovery:**

The parties agree that it would not be beneficial to phase discovery in this case.

1. Each party will provide automatic discovery required by Fed. R. Civ. P. 26(a)(1) and L.R. 35.1 within fourteen days after the Scheduling Conference.

2. Fact discovery on the issues of liability and damages shall close on June 30, 2006.

3. Expert discovery will be conducted as follows:

    i. The plaintiff will disclose its expert(s), if any, by July 31, 2006.

    ii. The plaintiff will disclose its expert(s), if any, by September 30, 2006.

    iii. The parties will complete expert depositions by November 30, 2006.

### IV. PROPOSED SCHEDULE FOR FILING MOTIONS

The parties agreed upon the following proposed Schedule Order in this case:

The parties have agreed that any dispositive motions will be filed on or before December 31, 2006; any response to such a motion will be filed on or before January 30, 2006; a hearing on the motion, if necessary, shall be held as soon thereafter as the Court's schedule permits.

### V. TRIAL DATE

The parties agree that this case will be trial ready in March, 2007.

VI. **CERTIFICATIONS**

    a.    Plaintiff's counsel certifies that he has conferred with his client, Tammy Allen: (1) with a view toward establishing a budget for the costs of conducting the full course—and various alternative courses—of litigation; and (2) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4. The plaintiff's signed certification of the above is attached hereto as **Exhibit A.**

    b.    Counsel for The United States of America certifies that he has conferred with an authorized representative of her client, The United States Department of Health and Human Services: (1) with a view toward establishing a budget for the costs of conducting the full course—and various alternative courses—of litigation; and (2) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4. The certification of the attorney and authorized representative of The United States Department of Health and Human Services for this case has been filed separately.

Respectfully submitted,
The parties,

| The plaintiff, | The defendant, |
| --- | --- |
| By her attorney, | The United States of America, |
| | |
| /s/ William J. Thompson | /s/ Christopher Alberto |
| WILLIAM J. THOMPSON | CHRISTOPHER ALBERTO |
| Lubin & Meyer, P.C. | Assistant United States Attorney |
| 100 City Hall Plaza | John Joseph Moakley US Courthouse |
| Boston, MA 02108 | One Courthouse Way, Suite 9200 |
| Boston, MA 02111 | Boston, MA 02210 |
| (617) 720-4447 | (617) 748-3311 |
| BBO#: 559275 | BBO#: 554245 |