```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

_____
                                            )
                                            )
TAMMY ALLEN, PERSONAL REPRESENTATIVE        )
OF THE ESTATE OF NORMAN ALLEN               )
     Plaintiff,                             )   Case No. 05-11463-DPW
                                            )
     v.                                     )
                                            )
UNITED STATES OF AMERICA                    )
     Defendant.                             )
_____ )

## **ANSWER**

The defendant, the United States of America, pursuant to 42 U.S.C. § 233, which dictates, <u>inter</u> <u>alia</u>, that the United States of America ("Defendant") shall serve as sole defendant in any civil action based upon malpractice by a medical professional employed by certain federally funded health care centers, responds to Plaintiff's Complaint as follows:

### COUNT I

1. Defendant lacks sufficient information to admit or deny Plaintiff's place of residence.

2. Defendant admits that the United States of America is a public employer.

3. This is a characterization of the action that requires no response.

4. Admitted.

5. Admitted.

6. Denied.

The Defendant opposes the Plaintiff's prayer for relief.

## COUNT II

1. Defendant lacks sufficient information to admit or deny Plaintiff's place of residence.
2. This is a characterization of the action that requires no response.
3. Denied.

## COUNT III

1. Defendant lacks sufficient information to admit or deny Plaintiff's place of residence.
2. Admitted.
3. This is a characterization of the action that requires no answer.
4. Denied.
5. Denied.
6. Denied.

The Defendant opposes the Plaintiff's prayer for relief.

## COUNT IV

1. Defendant lacks sufficient information to admit or deny Plaintiff's place of residence.
2. This is a characterization of the action that requires no answer.
3. Denied.

The Defendant opposes the Plaintiff's prayer for relief.

## COUNT V

1. Defendant lacks sufficient information to admit or deny Plaintiff's place of residence.
2. Denied.
3. Denied.
4. Denied.
5. Denied.

The Defendant opposes the Plaintiff's prayer for relief.

### COUNT VI

1. Defendant lacks sufficient information to admit or deny Plaintiff's place of residence.
2. Denied.
3. Denied.

The Defendant opposes the Plaintiff's prayer for relief.

### COUNT VII

1. Defendant lacks sufficient information to admit or deny Plaintiff's place of residence.
2. Denied.
3. Denied.
4. Denied.
5. Denied.
6. Denied.
7. Denied.

The Defendant opposes the Plaintiff's prayer for relief.

### COUNT VIII

1. Defendant lacks sufficient information to admit or deny

       Plaintiff's place of residence.

2.   This is a characterization of the action that requires no answer.

3.   Denied.

The Defendant opposes the Plaintiff's prayer for relief.

## AFFIRMATIVE DEFENSES

The Defendant also asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Defendant asserts that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Defendant asserts that Plaintiff is not entitled to a jury trial as to any claim against the United States. 28 U.S.C. § 2402.

### THIRD AFFIRMATIVE DEFENSE

The Defendant asserts that attorney's fees are taken out of any judgment or settlement and are governed by statute. 28 U.S.C. § 2678.

### FOURTH AFFIRMATIVE DEFENSE

The Defendant asserts that it is not liable for prejudgment interest.  28 U.S.C. § 2674.

### FIFTH AFFIRMATIVE DEFENSE

The Defendant asserts that Plaintiff is limited to the amount of damages set out in the administrative claim.  28 U.S.C. § 2675(b).

SIXTH AFFIRMATIVE DEFENSE

The Defendant asserts that the injuries claimed by Plaintiffs were caused by others over whom this Defendant has no control, and not by any negligent act or omission of the United States.

SEVENTH AFFIRMATIVE DEFENSE

The Defendant asserts that injuries and/or damages alleged in the Complaint were proximately caused by the act or omission of persons other than employees of the United States.

EIGHTH AFFIRMATIVE DEFENSE

The Defendant asserts that any recovery is subject to the availability of appropriated funds.

NINTH AFFIRMATIVE DEFENSE

The Defendant asserts that the Defendant failed to file this civil action within the applicable time allowed by the statute of limitations.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/Christopher Alberto
Christopher Alberto
Assistant U.S. Attorney
1 Courthouse Way
Suite 9200
Boston, MA 02210
(617) 748-3311

Dated: January 6, 2006

**CERTIFICATE OF SERVICE**

      This is to certify that I have this 6th day of January, 2006, served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery: William J. Thompson, Esquire, Lubin & Meyer, P.C. 100 City Hall Plaza, Boston, MA 02108.


                                              /s/Christopher Alberto
                                              Christopher Alberto
                                              ASSISTANT UNITED STATES ATTORNEY